UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL HINTON, | | 4:25-CV-04072-RAL |
| | Plaintiff, | |
| | | OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING |
| vs. | | |
| DUSTIN JORGENSON, | | |
| | Defendant. | |

Plaintiff Daniel Hinton filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. He moves for leave to proceed in forma pauperis, Doc. 2, and for the appointment of counsel, Doc. 5.

I.      **Motion for Leave to Proceed in Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Hinton's financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted.

## II.    1915 Screening

### A.    Prior Case

Hinton previously filed an identical complaint. Hinton v. Jorgenson, 4:24-CV-04150-RAL

Doc. 1.   On December 31, 2024, this Court screened Hinton's complaint under 28 U.S.C.

§ 1915(e)(2)(B), dismissing it in part and directing service on the defendant Dustin Jorgenson. Id.

Doc. 6.  Hinton was ordered to return to the Clerk of Court completed summons and Marshal

Service forms within thirty days from the date of this Court's screening. Id. On April 14, 2025,

this Court dismissed Hinton's complaint without prejudice for failure to prosecute because he did

not return completed summons forms. Id. Docs. 8, 9.  Between the time Hinton filed his prior

complaint and the current complaint, the United States Court of Appeals adopted a new course of

proceedings test for when a complaint does not specify whether defendants are sued in their

individual or official capacities. See generally S.A.A. v. Geisler, 127 F.4th 1133 (8th Cir. 2025)

(en banc).  Thus, this Court reiterates the factual allegations and analysis on Hinton's official

capacity claims as expressed in its prior screening and applies the course of proceedings test to

determine whether Hinton has alleged individual capacity claims.

### B.    Factual Allegations of Hinton's Complaint

On August 26, 2022, Officer Dustin Jorgenson of the Sioux Falls Police Department

(SFPD) initiated a search on an abandoned residence.  Doc. 1 at 3.  Hinton appears to allege that

he was present when Jorgenson initiated the search.  Id.  Inside the residence, Jorgenson found

three mountain bikes: an orange and black Haro Flightline, a black Giant Prowheel, and a black

spray-painted Mongoose.  Id.  Jorgenson stated that he "ran the 3 bicycles['] serial [numbers]

through metro but got no return."  Id.  The bicycles were collected and tagged into evidence, and

2

Hinton did not receive a receipt of property. Id. Hinton claims that he owned the Haro bicycle and used it as a vehicle for his "work/town commuter." Id.

Hinton attempted to use the SFPD's online grievance webpage to file a complaint because his bicycle was not returned. Id. But the webpage did not work for approximately six months. Id. Hinton also filed a grievance for a phone that could not be found, which was resolved through the grievance system. Id. He filed a subsequent grievance about his bicycle, but he did not receive a response. Id.

Hinton does not specify if he sues Jorgenson in his individual or official capacity. See generally id. Hinton claims that Jorgenson violated his rights under the Fourth Amendment and seeks $120,000 in monetary damages. Doc. 1 at 3–4.

C.      **Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted).  If a complaint does not contain these bare essentials, dismissal is appropriate.  See Beavers v. Lockhart, 755 F.2d 657, 663–64 (8th Cir. 1985).  Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]"  550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)).  Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting Twombly, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).  Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016).  The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

### D.    Hinton's Causes of Action

#### 1.    Capacities

Because Hinton did not specify if he sues Jorgenson in his individual or official capacity, this Court applies the course of proceedings test.  S.A.A., 127 F.4th at 1139.  "The fundamental

4

question is whether the course of proceedings has put the defendant 'on notice that [he] was being sued in [his] individual capacity' and that '[his] personal liability was at stake.'" Id. (quoting Daskalea v. D.C., 227 F.3d 433, 448 (D.C. Cir. 2000)). "[T]he underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." Id. (quoting Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995)). "Relevant factors include, but are not limited to, how early in the litigation the plaintiff first specified individual capacity claims, whether the plaintiff's complaint included a prayer for punitive damages, and whether the defendant declined to raise a qualified immunity defense." Id.

Here, Hinton seeks money damages. Doc. 1 at 3–4. His complaint could be liberally construed to allege claims based on action by Jorgenson and based on the City of Sioux Falls' policies and customs. Id. Thus, for the sake of completeness, this Court liberally construes Hinton's complaint to allege claims against Jorgenson in his individual and official capacities.

**2.    Fourth Amendment**

Hinton alleges a claim for violation of his rights under the Fourth Amendment. Doc. 1 at 3. The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend IV. "A seizure of property under the Fourth Amendment occurs when there is 'some meaningful interference with an individual's possessory interests in that property.'" Burlison v. Springfield Pub. Schs., 708 F.3d 1034, 1039 (8th Cir. 2013) (quoting Dixon v. Lowery, 302 F.3d 857, 862 (8th Cir. 2002)). "It is well settled that a seizure carried out without judicial authorization is per se unreasonable unless it falls within a well-defined exception to this requirement." Dixon, 302 F.3d at 862.

### a.     Individual Capacity Claim

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated

the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct.
> As we have held, a supervising officer can be liable for an inferior officer's
> constitutional violation only if he directly participated in the constitutional
> violation, or if his failure to train or supervise the offending actor caused the
> deprivation.

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (cleaned up).

Here, Hinton alleges that Jorgeson was personally involved with the seizure of his bicycle.

Doc. 1 at 3.   While it is unclear from Hinton's complaint why his bicycle was seized at an

abandoned residence, whether the bicycles were seized using a warrant, and whether he was the

owner of the other two bicycles seized, this Court cannot at this stage say that Hinton's Fourth

Amendment unreasonable seizure claim is wholly without merit. See id.  Thus, Hinton's Fourth

Amendment claim against Jorgenson in his individual capacity for money damages survives

§ 1915A screening.

### b.     Official Capacity Claims

"A suit against a government officer in his official capacity is functionally equivalent to a

suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d

1254, 1257 (8th Cir. 2010).  "[A] local government may not be sued under § 1983 for an injury

inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694

(1978).  A municipal government may be sued only "when execution of a government's policy or

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy," deprives a plaintiff of a federal right. Id.; see also Clay v. Conlee, 815

6

F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (citing Doe ex rel. Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Hinton claims that he filed a grievance with the SFPD "requesting the basis for the policy to have grounds for action taken on 8/26/2022." Doc. 1 at 3. Thus, Hinton has narrowly and indirectly alleged that SFPD had an unconstitutional policy that allowed for violation of his Fourth Amendment rights. Therefore, Hinton's Fourth Amendment claim for unreasonable seizure of his Haro bicycle against Jorgenson in his official capacity for money damages narrowly survives § 1915 screening.

### 3.    Fourteenth Amendment

Hinton also alleges that his bicycle has been retained in violation of his rights. See Doc. 1 at 3. Some courts have analyzed claims for retention of property that had been validly seized under the Fourteenth Amendment due process clause, not the Fourth Amendment. Hopkins v. City of Bloomington, 2013 WL 5406671, at *10 (D. Minn. Sept. 25, 2013) (collecting cases); see also Walters v. Wolf, 660 F.3d 307, 314 (8th Cir. 2011) (holding that a refusal to return validly seized property is a separate due process claim).

7

Whether Hinton has alleged sufficient facts for a Fourteenth Amendment claim to survive § 1915 screening is a very close call. Hinton has indirectly alleged that the initial seizure was in accordance with a policy of the SFPD, and his allegation that the prolonged retention of his bicycle was in accordance with a policy or custom is similarly very indirect, focused on the failure of SFPD's grievance process to produce any response. See Doc. 1 at 3. Although Hinton clearly alleges that Jorgenson was involved with the initial seizure of the bicycle, Hinton's complaint is less clear about how Jorgenson was involved with the retention of his bicycle. Id. However, Hinton's complaint could be liberally construed to allege that Jorgenson was involved because he failed to give Hinton a receipt of property to claim the bicycle and did not communicate with Hinton. Id. Therefore, Hinton's Fourteenth Amendment due process claim against Jorgenson in his individual and official capacity for money damages for retention of Hinton's bicycle narrowly survives § 1915 screening.

### III.   Motion to Appoint Counsel

Hinton filed a motion to appoint counsel. Doc. 5. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Hinton's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Hinton is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Doc. 5, is denied at this time.

8

## IV.   Conclusion

Accordingly, it is

ORDERED that Hinton's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Hinton's Fourth Amendment claim for unreasonable seizure of his Haro bicycle against Jorgenson in his individual and official capacity for money damages survives § 1915 screening.  It is further

ORDERED that Hinton's Fourteenth Amendment due process claim against Jorgenson in individual and official capacity for money damages survives § 1915 screening.  It is further

ORDERED that Hinton's motion to appoint counsel, Doc. 5, is denied.  It is further

ORDERED that the Clerk shall send a blank summons form and United States Marshals Service Form (Form USM-285) to Hinton so that he may complete the form to cause the complaint to be served upon Jorgenson.  It is further

ORDERED that Hinton shall complete and send the Clerk of Court a summons and USM-285 form within **thirty days from the date of this Court's screening order**.  Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons.  If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed without prejudice.  It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon Jorgenson.  It is further

ORDERED that Defendant shall serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the Defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).  It is finally

9

ORDERED that Hinton keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by this Court's Civil Local Rules while this case is pending.

DATED June 26ᵗʰ, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE